C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X    **NOT FOR PUBLICATION**
ANDREW J. SANDSON,

                     Plaintiff,    **MEMORANDUM**
    -against-    **AND ORDER**

MICHAEL J. ASTRUE, Commissioner, Social    09 Civ. 5205 (BMC)
Security Administration; ANNE JACOBSY,
Director; ED HEBRON, Field Manager, MARY
J. BAKER, Field Manager,

                     Defendants.
----------------------------------------------------------------X
**COGAN**, District Judge:

      On November 9, 2009, plaintiff Andrew J. Sandson, currently incarcerated at Attica Correctional Facility, filed this *pro se* action against Social Security Administration officials pursuant to 42 U.S.C. §§ 405(g), 423(g), and/or 1383(c)(3). He seeks retroactive Social Security Disability ("SSD") benefits or remand to the Commissioner of Social Security for reconsideration. I grant plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismiss the complaint as set forth below.

## BACKGROUND

      Plaintiff seeks "Court review of Defendants' failure to provide Plaintiff with written notice of unfavorable improper suspension of Social Security Disability benefits; denying Plaintiff his right to an administrative appeal; denying Plaintiff his right to receive benefits during pending appeal and denying Plaintiff his right to a hearing before an administrative law judge[] in violation of Due Process of law." Plaintiff alleges that "[o]n or about January 14, 2008, [he] discovered that his SSD benefits were no longer being deposited into his savings account" and that he wrote to defendant Jacobsy seeking "written notice as to why this has happened?" Plaintiff attaches a copy of the letter he sent to defendant Jacobsy, which is dated

January 14, 2009, not 2008, and was mailed from Attica Correctional Facility. From April 27 through August 1, 2009, plaintiff wrote to defendant Hebron. On August 14, 2009, plaintiff received a copy of the notice of suspension of his SSD benefits due to his conviction of a crime dated October 2, 2008, which had been sent to him at Rikers Island. Plaintiff filed an appeal and also requested reconsideration and the restoration of his benefits during the appeal process. Plaintiff received no response from defendants. Plaintiff now files this action based on defendants' failure to provide him written notice of the suspension of his SSD benefits and based on defendants' failure to consider his appeal, reconsideration and the restoration of his benefits. He seeks a court order directing defendants to grant plaintiff retroactive benefits or a remand to the Commissioner of Social Security.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). As plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations omitted). The Court is obliged to construe his pleadings liberally and interpret them as raising the strongest arguments they suggest. See Dixon, 480 F.3d at 639; Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

## DISCUSSION

**Suspension of Social Security Disability Benefits**

According to the New York State Department of Correctional Services' website, plaintiff is imprisoned under the name of Andrew Sanchez, DIN 08A4492, and he was taken into custody pursuant to his Queens County conviction for robbery in the third degree on August 20, 2008. Plaintiff was sentenced to a maximum sentence of 11 years. See New York State Department of Correctional Services, Inmate Population Information Search, http://nysdocslookup.docs.state.ny.us (last visited Dec. 11, 2009). On October 2, 2008, the Social Security Administration notified plaintiff that "we cannot pay benefits beginning August 2008. We cannot pay you because you are imprisoned for the conviction of a crime." The Social Security Act provides in relevant part that:

> (1)(A) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual--
> (i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense,

42 U.S.C. §402(x). The Second Circuit "has ruled that the suspension of Social Security benefits during incarceration does not violate either due process or equal protection." Langella v. U.S., 6 Fed. App'x. 116 (2d Cir. 2001) (citing Zipkin v. Heckler, 790 F.2d 16, 19 (2d Cir. 1986)). Here, plaintiff does not dispute that he was convicted of a crime on August 2008, and §402(x) applies, but attempts to frame his argument as based on lack of notice. However, defendants did notify plaintiff that his benefits would be suspended as of August 2008. Moreover, whether or not

plaintiff received timely notice, the Commissioner of Social Security is entitled to suspend his SSD benefits during his incarceration. See 42 U.S.C. § 402(x).

## CONCLUSION

Accordingly, there is no basis to grant plaintiff the relief he seeks and the Complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915A(b). The Court's order dated December 7, 2009, directing defendants to file the administrative record and setting a motion schedule is hereby vacated. Defendants are not required to answer or otherwise move in response to this action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. U.S., 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mark this case closed.

**SO ORDERED.**

/Signed by Judge Briam M. Cogan/
_____
U.S.D.J.

Dated: Brooklyn, New York
December 11, 2009